HOLMES, Judge.
This is a tax case.
This case originated from a final assessment of sales tax entered by appellant-State of Alabama in the amount of $6,381.57. Taxpayer appealed the final assessment to the Circuit Court of Mobile County. That court found the taxpayer was not liable for the tax. Specifically, the trial court found that the fifteen percent service charge collected by the taxpayer from its members is not a part of the “gross receipts of sales” under Tit. 51, § 786(2)(f), Code of Alabama 1940, and therefore not subject to tax. It is from that decree that the appellant appeals.
The pertinent facts, as set out in a written stipulation of facts, reveal the following:
Taxpayer-appellee is a non-profit corporation operating a club for the use and benefit of its members. Since its formation in 1966, the appellee has collected a fifteen percent service charge from its members in lieu of cash tips left on the table. This charge is a part of the total check which a member signs after completing his meal. Proceeds from this charge go into a gratuity pool for the employees.
The bylaws of appellee require a minimum fifteen percent service charge to be added to each check with no cash tips being allowed. Although this charge is mandatory, there are occasional instances where members have varied the amount because they were pleased or displeased. If a member designates an additional amount, it goes into the pool unless it is designated to a specific waiter or bartender, in which case it goes to him over and above his regular share of the pool.
The gratuity pool is maintained by appel-lee which is funded by the service charges received by the waiters, waitresses, bartenders, and busboys. The waiters and waitresses were paid $4 per shift plus their share of the gratuity pool, i.e., eighty-five percent of the service charge which is fifteen percent of the meal cost. The other fifteen percent of the service charge is credited on the appellee’s payroll against the salary of the busboys who service the dining room. The busboys were paid the federal minimum hourly wage for the period in question.
The two bartenders were paid a guaranteed salary of $182 and $185, respectively, per week. The service charges which are received by the bartenders, on the tickets which they service, are credited against their guaranteed salaries. Although the bartenders cannot receive less than their guaranteed salary, they can receive more if the service charges with which they are credited exceed their guaranteed salary. As with the waiters and waitresses, fifteen percent of the service charges to be received by the bartenders is paid into the gratuity pool on behalf of the busboys.
*897 The appellee, during the period in litigation, collected and paid the appellant sales tax on all sales, with the exception that appellee did not pay sales tax upon the fifteen percent service charge. It is upon that omission that the appellant issued its assessment and upon which this appeal is based.
The appellee contends the service charge is not subject to sales tax because the transaction is simply a substitute for a cash tip given to the waiter or employee and therefore is not subject to tax.
The appellant, however, argues that the service charge is a taxable “labor or service cost” as set out under Tit. 51, § 786(2)(f), Code of Alabama 1940, as follows:
“The term ‘gross proceeds of sales’ means the value proceeding or accruing from the sale of tangible personal property (and including the proceeds from the sale of any property handled on consignment by the taxpayer), including merchandise of any kind and character without any deduction on account of the cost of the property sold, the cost of the materials used, labor or service cost, interest paid, or any other expenses whatsoever, and without any deductions on account of losses; . . . ” [Emphasis supplied.]
The appellant therefore contends that the service charge is tantamount to a labor or service cost and should be included in the “gross proceeds of sales” and subject to sales tax. The question before this court is one of first impression and we therefore look to other states for guidance.
The Supreme Court of Wisconsin in Big Foot Country Club v. Wisconsin Department of Revenue, 70 Wis.2d 871, 285 N.W.2d 696 (1975), recognized that a fifteen percent add-on service charge is a mere codification by the club’s bylaws of the social custom of tipping. The court also said that this would not be subject to the sales tax.
However, the court went further and stated that the result would be different if the service charge was used to bring the wages paid to employees up to a minimum wage level. Accord Anders v. State Board of Equalization, 82 Cal.App.2d 88, 185 P.2d 883 (1947). .
In the present case, it is undisputed that fifteen percent of the service charge collected is credited against appellee’s payroll for minimum wages paid to the busboys. It is clear that the service charge, to the extent of the minimum wages, was a part of the appellee’s gross receipts and therefore properly subject to the sales tax.
Turning now to the bartenders, we noted above that they have a guaranteed salary which can be increased if the service charges with which they are credited exceed their guaranteed salary. Put another way, they will receive eighty-five percent of the service charges on their tickets only if such a figure exceeds their guaranteed salary. If such a figure does not exceed the salary, they will receive the guaranteed salary. The question then becomes what happens to the accumulation from the service charges when the bartenders receive the guaranteed salary.
The court in Green v. Surf Club, Inc., Fla.App., 136 So.2d 354, cert. den., 139 So.2d 694 (Fla.1962), aptly stated that:
“There may be situations wherein the collection of a fixed service charge is taxable, such as where the assessment and collection thereof has no relationship to the sums received by the service personnel but is retained by the employer as a portion of the gross proceeds on the sale of food and beverage. The determinative question in each instance should be whether or not the ‘dealer’ receives a benefit from the involuntary charge. If he does, he should be taxed. If he does not, no tax should be levied.” [Emphasis supplied.]
Clearly, the appellee received a benefit from the service charge concerning the bartenders. If the service charges with which they are credited exceed their guaranteed salary, the appellee does not have to pay them their guaranteed salary. But if such charges do not exceed the salary, appellee must pay the salary. However, whatever service charges have been credited to them *898 could be used by the appellee to offset the cost of their guaranteed salary. Therefore, the sums retained by appellee constitute “gross receipts of sales” under Tit. 51, § 786(2)(f), Code of Alabama, and are subject to tax.
Lastly, we now turn to the service charge as it relates to the waiters and waitresses. As set out above, they received $4 per shift plus their share of the gratuity pool, i.e., eighty-five percent of the service charge on meals. Appellee argues that the service charge is simply a substitute for a cash tip and is not subject to tax. We agree.
The social custom in this case has been transformed into a club bylaw. This fifteen percent is a reasonable amount and corresponds to the usual amount left by the general public in public restaurants. See Big Foot Country Club v. Wisconsin Department of Revenue, supra.
Although this fifteen percent is called a service charge, it is more appropriately viewed as a gratuity or tip for the waiters and waitresses. As such, it is not part of the gross receipts of the appellee.
In summary, the service charge as it relates to the busboys and bartenders does not constitute a gratuity or tip and therefore falls within the term “gross receipts of sales” as defined in Tit. 51, § 786(2)(f), Code of Alabama 1940. The service charge as it relates to waiters and waitresses does constitute a gratuity and is without the purview of Tit. 51, § 786(2)(f). The trial court is thereby reversed in part and the cause remanded for further proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P. J., and BRADLEY, J., concur.