*611 OPINION OF THE COURT
Fuchsberg, J.
In this companion case to Matter of Burger King v State Tax Comm. (51 NY2d 614), the sole question is the enforceability of a State Tax Commission regulation interpreting section 1115 (subd [a], par [19]) of the Tax Law.
Servomation operates vending machines, cafeterias, “fast food” restaurants and dining facilities located throughout the United States and Canada. In conjunction with the operation of its food service business, it purchases large quantities of disposable paper and plastic products which consist of cups, plates and containers for hot and cold drinks.
Enacted in 1974 (L 1974, ch 581, § 1), section 1115 (subd [a], par [19]) of the Tax Law exempts from taxation “[cjartons, containers, and wrapping and packing materials and supplies, and components thereof for use and consumption by a vendor in packaging or packing tangible personal property for sale, and actually transferred by the vendor to the purchaser”. In 1977, the State Tax Commission promulgated the following regulation: “Cartons, containers and other packaging materials used in or by restaurants, taverns or other establishments, or by caterers, are subject to tax whether or not there is a separate charge for such containers or packaging material” (20 NYCRR 528.20 [c] [5]). Paragraph (5) of the regulation also includes examples of when such items are taxable.[1]
By this action Servomation seeks a judgment declaring this regulation invalid as conflicting with either or *612 of section 1101 (subd [b], par [4], cl [i], subcl [A])[2] or section 1115 (subd [a], par [19]) of the Tax Law insofar as it would make containers, cups, lids, and other wrappings taxable when purchased by its establishments. On cross motions for summary judgment the Supreme Court denied Servomation’s motion and granted that of the Tax Commission. But the Appellate Division reversed and granted Servomation’s motion, citing for authority its decision in Matter of Burger King v State Tax Comm. (70 AD2d 447, mod 51 NY2d 614). For the reasons which follow, we believe that Servomation’s purchases are not subject to the tax.
The Tax Commission argues for the validity of its regulation on several grounds. It initially contends that section 1115 (subd [a], par [19]) only exempts containers and wrapping material used to package tangible personal property and that restaurant food is not tangible personal property within the meaning of the Tax Law, a contention we today accept in Matter of Burger King v State Tax Comm. (51 NY2d 614, supra).
This alone, however, does not necessitate a finding in favor of the commission. For, in Matter of Burger King v State Tax Comm., (51 NY2d 614, supra), we held that the paper products, purchased by a fast food chain operator for sale to customers, fall within the resale exclusion provided for by section 1101 (subd [b], par [4], cl [i], subcl [A]) of the Tax Law. An administrative agency cannot by regulatory fiat directly or indirectly countermand a statute enacted by the Legislature (Matter of Jones v Berman, 37 NY2d-42, 53). 20 NYCRR 528.20(c) (5), promulgated by the State Tax Commission, thus being disharmonious with the statute it was intended to implement, must be found void.
In so ruling the regulation unenforceable, we, of course, recognize that, where it is adopted in implementation of a broadly framed statute which the administrative agency that promulgated the regulation was authorized to administer, reviewing courts most often will defer to the *613 interpretation that inheres in the regulation. “Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). For the reasons we have stated, this is the case here.
It follows that the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli and Wachtler concur with Judge Fuchsberg; Judges Jones and Meyer concur in result on constraint of Matter of Burger King v State Tax Comm. (51 NY2d 614).
Order affirmed, with costs.

. The examples set out are as follows:
“Example 5: A restaurant purchases paper bags, beverage containers and wrapping paper to use in packaging orders, and napkins and stirrers, whether for on- or off-premises consumption. Such purchases are taxable.
“Example 6: A pizza parlor has a 10-cent surcharge for pizza which is taken out. The surcharge is intended to defray the cost of the cartons. Since the carton is not used to package tangible personal property, it is subject to tax.
“Example 7: A food vending machine operator purchases stirrers, napkins, hot and cold cups and lids. Since these items do not become part of the products sold nor are they used to package tangible personal property, they are subject to sales tax.”

. Tax Law (§ 1101, subd [b], par [4] cl [i], subcl [A]) excludes from taxation a sale “for resale as such” or “as a physical component part of tangible personal property”.