CELESTIAL FOOD OF MASSAPEQUA CORPORATION, Respondent, v NEW YORK STATE TAX COMMISSION et al., Appellants.

Third Department, December 29, 1983

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Maurice K. Peaslee and William J. Kogan* of counsel), for appellants.

*Gerard A. Navagh* for respondent.

OPINION OF THE COURT

MAIN, J.

The facts are not disputed. After the decisions by the Court of Appeals in *Matter of Burger King v State Tax Comm.* (51 NY2d 614) and *Servomation Corp. v State Tax Comm.* (51 NY2d 608), which held that paper or plastic packaging materials (e.g., containers, cups, lids, wrappings, sleeves) are not subject to sales tax when purchased by fast food restaurants from suppliers, the Technical Service Bureau of the State Department of Taxation and Finance issued TSB-M-81(12)S, which was subsequently promulgated as 20 NYCRR 528.20 (d). This regulation, as revised and in pertinent part, provides:

"(1) Cups, plates and containers for hot and cold drinks purchased for resale as a container of food or drink of any nature taxed under section 1105(d) of the Tax Law, and

actually transferred to the purchaser of such food or drink, are purchased for resale and thus not subject to sales or use taxes.

"(i) The following is a list * * * of packaging materials which may be purchased under the resale exclusion of the Tax. Law:

"(a) sandwich wrappers;

"(b) cups and lids;

"(c) food sleeves;

"(d) disposable plates; and

"(e) paper bags.

"(2) Napkins, straws, stirrers, plastic knives, forks, spoons and other similar items are not purchased for resale as such, nor are they packaging materials or supplies or components thereof. Purchases of these items by restaurants * * * are subject to tax."

Pursuant to this regulation, plaintiff, which operates a fast food restaurant and purchases large quantities of disposable paper and plastic products, including plastic and paper utensils, straws, stirrers and napkins, paid sales tax when it purchased these products from its supplier.

In April, 1982, plaintiff sought a declaratory ruling from defendant State Tax Commission on whether "the disposable paper and plastic products purchased by taxpayer for resale to its customers [are] taxable as a 'retail sale' ". This request was denied and plaintiff thereafter commenced this action seeking a judgment declaring that 20 NYCRR 528.20 (d) was invalid because it conflicted with section 1101 (subd [b], par [4], cl [i], subcl [A]) of the Tax Law. After plaintiff moved for summary judgment and defendants cross-moved for the same relief, Special Term denied defendants' cross motion, granted plaintiff's motion, and declared 20 NYCRR 528.20 (d) invalid, finding that the disposable products at issue herein should be treated the same as those products at issue in *Matter of Burger King* (*supra*) and *Servomation Corp.* (*supra*). This appeal ensued.

A sales tax is imposed upon the receipts of every retail sale of tangible personal property, subject to limited exceptions not relevant herein (see Tax Law, § 1105, subd [a]). A

"retail sale" is a "sale of tangible personal property to any person for any purpose, other than (A) for resale as such or as a physical component part of tangible personal property" (Tax Law, § 1101, subd [b], par [4], cl [i], subcl [A]). The disposable paper and plastic products at issue herein are not a "physical component part" of the "tangible personal property" which plaintiff sells to its customers because restaurant food such as that sold by plaintiff to its customers has been held not to be tangible personal property (see *Matter of Burger King v State Tax Comm.*, 51 NY2d 614, 620-621, *supra*). Accordingly, the purchase of the disposable products at issue herein by plaintiff from its supplier will constitute a taxable retail sale unless these products are purchased by plaintiff from its supplier "for resale as such" (Tax Law, § 1101, subd [b], par [4], cl [i], subcl [A]).

Whether the disposable products at issue are purchased by plaintiff "for resale as such" depends on whether they are "a critical element of the final product sold to customers" (*Matter of Burger King v State Tax Comm., supra,* p 623). Although strictly speaking the disposable products at issue herein can be distinguished from the packaging materials at issue in *Matter of Burger King* (*supra*) and *Servomation Corp.* (*supra*), especially in light of the reliance by the Court of Appeals on the so-called container cases to resolve the packaging materials issue (*Matter of Burger King v State Tax Comm., supra,* pp 622-623), we are of the view that a more practical approach is required and that such an approach mandates the conclusion that the disposable products are critical elements of the food sold by plaintiff.

In order for a fast food enterprise to operate efficiently and effectively, providing "streamlined movement of bagged food in sanitary form from restaurant to customer" (*supra,* p 621), products such as those at issue herein must be readily available in mass quantities. Indeed, the fast food consumer expects to be provided with a stirrer for coffee, a straw for soft drinks, plastic utensils for food, and napkins for cleanliness as part of the price of purchase. The fact that some consumers may take more than one napkin or may not take any utensils does not alter the fact that

these disposable paper and plastic products are "[k]ey to imparting [the] vaunted service features — of speed, sanitation and portability" (*supra,* p 621), which have made fast food restaurants what they are. Considering this case in this manner, and keeping in mind that this issue involves not an exemption but an exclusion (see *Servomation Corp. v State Tax Comm.,* 51 NY2d 608, 612, *supra*), which must be strictly construed in favor of the taxpayer (see, e.g., *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196), we conclude that the disposable paper and plastic products, including plastic and paper utensils, straws, stirrers, and napkins, are critical elements of the final product sold to plaintiff's customers and, thus, are purchased by plaintiff from its supplier "for resale as such". Accordingly, these products are not subject to sales tax.

The judgment should be affirmed, with costs.

SWEENEY, J. P., KANE, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment affirmed, with costs.