OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the motion of respondent, Celestial Food of Massapequa Corp., for summary judgment denied, and the cross motion of appellant State Tax Commission for summary judgment granted declaring valid regulation 20 NYCRR 528.20 (d) (2).[1]
The issue before us is whether the purchase of certain paper and plastic items by a fast food restaurant is a “retail sale of tangible personal property” subject to sales tax under subdivision (a) of section 1105 of the Tax Law, or is subject to an exclusion from sales tax. In Matter of Burger King v State Tax Comm. (51 NY2d 614) we held that a restaurant’s purchases of materials for packaging or containing the food it sells came within section 1101 (subd [b], par [4], cl [i], subcl [A]) of the Tax Law, which excludes from the definition of retail sales subject to tax purchases of tangible personal property “for resale as such.” Wrappers for hamburgers, sleeves for french fries, and cups for beverages, while not actually component parts of the food and drink sold, were recognized as items purchased “for resale as such” because they form a critical element of the product sold, consumers ultimately paying sales tax on these items as part of their food purchases (Matter of Burger King, supra, p 623). We are now asked by respondent to enlarge our holding in Burger King to declare invalid a regulation of appellant Tax Commission which subjects a restaurant’s purchases of napkins, straws, stirrers, plastic utensils and other similar items to sales tax (20 NYCRR 528.20 [d] [2]).[2] Respondent contends that this regulation is void and unenforceable because it limits and *1022 conflicts with the Tax Law, a contention with which both Special Term and the Appellate Division agreed in granting respondent summary judgment.
Unlike the packaging in Burger King, the items respondent here seeks to exclude from sales tax are not a critical element of the product sold and thus are not purchased “for resale as such.” Whereas a cup of coffee cannot be purchased without a container, the same cannot be said of napkins, stirrers and utensils, which are more akin to items of overhead, enhancing the comfort of restaurant patrons consuming the food products. The Appellate Division’s reasoning in this case, that because “the fast food customer expects to be provided with a stirrer for coffee, a straw for soft drinks, plastic utensils for food, and napkins for cleanliness” such items are purchased “for resale as such” (98 AD2d 157, 159), has potentially limitless application. Although the cost of such items may well be taken into account by the restauranteur when setting the price of food, so are other amenities a restaurant patron expects, such as service, utilities and fixtures, which do not become a part of the product being sold merely because their cost is a factor in determining the price a customer pays. Only when, as in Burger King, such items are necessary to contain the product for delivery can they be considered a critical element of the product sold, and excluded from sales tax. Accordingly, the items referred to in 20 NYCRR 528.20 (d) (2) were not purchased “for resale as such” by respondent and the challenged regulation requiring payment of sales tax on its purchases of such items is not at odds with the Tax Law.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, with costs, plaintiff’s motion for summary judgment denied, and defendant’s cross motion for summary judgment declaring 20 NYCRR 528.20 (d) (2) valid granted in a memorandum.

. Although the judgment of Special Term, affirmed by the Appellate Division, declared invalid the entire regulation 20 NYCRR 528.20 (d), paragraph 1 of that section has never been in issue in this case; only paragraph 2 is contested.

. In Burger King, the taxpayer conceded sales tax liability as to outer bags, straws and coffee stirrers (Matter of Burger King, 51 NY2d 614, 618-619, n 1).