OPINION OF THE COURT
Ira Gammerman, J.
The petitioner, Consolidated Edison Company of New York *791 (Con Edison) brings this CPLR article 78 proceeding to challenge a series of regulations promulgated by the respondent Department of Environmental Conservation (DEC) dealing with the bulk storage of petroleum. The regulations were issued subsequent to the passage of the 1983 Control of the Bulk Storage of Petroleum Act (ECL 17-1001 et seq.). Con Edison asserts that the respondent DEC lacks the statutory authority to issue these regulations insofar as they affect (1) facilities already licensed under Navigation Law article 12 (which deals with the handling and storage of petroleum at "major facilities”) and (2) already existing nonmajor facilities.
At issue in this proceeding is the interplay between the 1983 act and prior legislation, the Oil Spill Prevention, Control and Compensation Act of 1977 (Navigation Law art 12).
In 1977 the New York State Legislature enacted the Oil Spill Prevention, Control and Compensation Act of 1977 (L 1977, ch 845, § 2). The 1977 act, now Navigation Law article 12, applies only to "major facilities” which are defined in the act as facilities with a combined petroleum storage capacity of more than 400,000 gallons and establishes a scheme for regulating the transfer and storage of petroleum.
A significant feature of the 1977 legislation is the licensing of major facilities. A requirement for obtaining a license is the preparation and maintenance of a spill prevention plan that complies with Federal guidelines (SPCC). Con Edison, which maintains petroleum storage facilities for the purpose of providing fuel for steam and electric generating facilities, was required under the licensing provisions of the 1977 act to prepare and implement plans containing spill prevention measures that complied with these Federal guidelines.
In 1983 the New York State Legislature enacted Laws of 1983 (ch 613). This legislation added a new ECL title 10 (ECL 17-1001 et seq.) which required the respondent DEC to establish a State petroleum bulk storage code for "new and substantially modified facilities” (ECL 17-1001). The Legislature in defining facilities that were to be regulated by the new code added facilities used for the containment of over 1,100 gallons of petroleum but specifically excluded "facilities licensed under article twelve of the navigation law or regulated under the federal natural gas act” (ECL 17-1003 [1]).
In December 1984 the DEC issued proposed regulations that would create or modify 6 NYCRR parts 610, 612, 613 and 614 and establish a State petroleum bulk storage code. The regula *792 tions were approved by the respondent Commissioner on November 27, 1985. Amendments to 6 NYCRR part 610 require that all major facilities, which are presently covered by the 1977 act and the SPCC Plan Program, now comply with the petroleum handling and storage requirements of the code. (6 NYCRR 610.4 [a] [4] [vi]; 610.5 [a] [4]; [d] [4], [7]; 613.1 [b].) Nonmajor facilities which are neither new nor substantially modified are also required to comply with the petroleum handling and storage provisions of the code (6 NYCRR 613.1-613.9).
Con Edison contends that the specific limitation on the scope of the 1983 act indicates an intention to create a new and separate regulatory program for previously unregulated smaller petroleum storage facilities such as gasoline service stations and that the respondents’ amendments to part 610 violates that intent.
The respondent DEC contends that its authority is derived both from the 1983 legislation and the prior 1977 act. Respondent argues that since the "intent” of the 1983 legislation was to regulate previously unregulated storage facilities, the 1977 act should be read to include the regulation of petroleum storage in major storage facilities.
The Department of Environmental Conservation has read authority into the Oil Spill Prevention, Control and Compensation Act which does not exist. Navigation Law § 191 empowers the respondent agency to promulgate regulations to carry out the purpose of the 1977 legislation which, as respondent acknowledges, does not include standards for petroleum storage and handling.
While the 1983 act may leave a "gap” with respect to regulation of major storage facilities, such a gap is for the Legislature to repair and not for judicial construction. Nor may the department by regulation directly or indirectly countermand a statute enacted by the Legislature. (Servomation Corp. v State Tax Commn., 51 NY2d 608 [1980].) The Legislature directed that the department’s code apply only to nonmajor facilities which are built or substantially modified after the code goes into effect, and the respondent may not circumvent the clear intent of the Legislature to limit the scope of the code.
Moreover, accepted rules of statutory construction preclude interpretation of prior legislation in such a way as to countermand the specific limitation of the 1983 act. (See, East End Trust Co. v Otten, 255 NY 283 [1931].)
*793 The respondent cites ECL 17-1005, 17-1007 and 17-1009 as requiring the promulgation of rules and regulations other than the bulk storage code which, unlike ECL 17-1015 (which directs the department to promulgate the bulk storage code) contain no reservations restricting their application to "new or substantially modified facilities”. These sections do, however, specifically refer to "owners and operators” which are those persons with legal or equitable title to, or who lease, operate, control or supervise a "facility” which by its defining language excludes those licensed under Navigation Law article 12. Thus, while those sections cited may include nonmajor facilities which are not new or substantially modified for purposes of leak detection, corrective action and registration, the provisions limit the applicability of these rules to nonmajor facilities. Moreover, the code is quite clearly limited to new and substantially modified facilities not licensed under article 12.
Accordingly, the petition is granted and the respondent Commissioner’s determination approving the promulgation of 6 NYCRR parts 610 through 614 is remanded for further consideration insofar as such regulations subject facilities already within the purview of Navigation Law article 12 to new regulations dealing with leak detection, corrective action, registration, access to records and facilities and the petroleum bulk storage code and to the extent that facilities not new or substantially modified are subject to the new code.
Con Edison has not shown it has standing to sue under the State Environmental Quality Review Act (SEQRA) and that claim is dismissed. In the "zone of interest” test described in Matter of Dairylea Coop. v Walkley (38 NY2d 6), a petitioner must show that the interest asserted is arguably within the zone of interest to be protected by the statute. Here, Con Edison has not demonstrated even arguably that its interest is not solely economic. (See, Bliek v Town of Webster, 104 Misc 2d 852 [Sup Ct, Monroe County 1980].)