■ In the Matter of MORAN TOWING & TRANSPORTATION COMPANY, INC., et al., Respondents, v NEW YORK STATE TAX COMMISSION, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered May 30, 1986 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent sustaining a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioners are three corporations and their various officers

and directors. During the taxable periods at issue, petitioner Moran Towing & Transportation Company, Inc. (hereinafter Moran Towing) was in the business of leasing tugboats and using them to provide towing services to larger vessels entering or leaving berths in the Port of New York. Moran Towing operated 25 tugboats in this manner but only four are involved in this proceeding. Petitioner Moran Shipyard Corporation operated a shipyard for the purpose of servicing and repairing Moran Towing's tugboats. Petitioner Morine Supply Company, Inc. sold various supplies for the use of the Moran Towing tugboats.

After an audit, deficiencies for unpaid sales and use taxes were imposed on petitioners under Tax Law articles 28 and 29. Petitioners contested the assessments and respondent, interpreting an administrative definition of interstate commerce (20 NYCRR 528.9 [a] [5]), determined that four of Moran Towing's tugboats were not engaged in interstate commerce even though they provided services to vessels which were so engaged. Respondent concluded that the activities of the tugboats were, in general, a local event and, consequently, that petitioners were not entitled to the "interstate commerce" sales tax exemption.

Petitioners commenced this proceeding seeking, *inter alia,* to annul respondent's determination insofar as it found the four tugboats not to be engaged in interstate commerce for purposes of Tax Law § 1105 (c) (3) (iv) and § 1115 (a) (8). Supreme Court ruled that the four tugboats were engaged in interstate commerce and that the determination of respondent to the contrary was unreasonable. This appeal ensued.

The judgment should be reversed, the determination of respondent confirmed and the petition dismissed. Supreme Court erroneously set aside that portion of respondent's determination which ruled that the four tugboats were not engaged in interstate commerce.

The parties concede that this State has the constitutional power to levy sales and use taxes against the four tugboats. The question before this court is whether the four tugboats are exempt from such tax. The Department of Taxation and Finance defines the term "engaged in interstate or foreign commerce" for purposes of Tax Law § 1105 (c) (3) (iv) and § 1115 (a) (8) as "the transportation of persons or property for compensation between states or countries" (20 NYCRR 528.9 [a] [5]).

Petitioners argue that because the four tugboats act to move

interstate commerce vessels, the tugboats themselves are engaged in interstate commerce—even though they conduct their activities exclusively in New York waters. Petitioners urge this court to employ what they characterize as the "universal" Federal definition of interstate commerce which refers to the origin and destination of what is moved in commerce. Respondent contends that the definition to be used here is entirely a matter of State law, and that *Matter of Callanan Mar. Corp. v State Tax Commn.* (98 AD2d 555, 557, *lv denied* 62 NY2d 606) controls.

The petitioner in *Callanan (supra)* contested respondent's interpretation of the regulatory definition of interstate commerce in relation to the particular facts of the *Callanan* case. Petitioners here assume a similar posture. They contest what they view as respondent's "overly restrictive interpretation" of that definition. Thus, we agree with respondent that *Callanan* dictates that interstate commerce, in the context of the instant case, be defined according to State law.

A statute creating a tax exemption, as here, is to be construed against the taxpayer *(Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 196). "[A]n exemption is not a matter of right, but is allowed only as a matter of legislative grace" *(supra,* at 196). In order to prevail over the administrative construction of an exemption statute, petitioners "must establish not only that [their] interpretation of the law is a plausible one but, also, that [their] interpretation is the only reasonable construction" *(Matter of Blue Spruce Farms v New York State Tax Commn.,* 99 AD2d 867, *affd* 64 NY2d 682). Petitioners have failed to demonstrate that theirs is the *only* reasonable construction of the exemption statute and have also failed to show that respondent's determination is either clearly erroneous, unreasonable or irrational *(see, Matter of Callanan Mar. Corp. v State Tax Commn., supra,* at 557; *see also, Matter of Koner v Procaccino,* 39 NY2d 258, 264).

Petitioners' reliance by analogy on a series of United States Supreme Court cases which held that stevedoring, although performed entirely within the boundaries of one State, nevertheless constituted a part of interstate commerce since it was an essential part of interstate transportation *(Joseph v Carter & Weekes Co.,* 330 US 422, 427-428, *affg Carter & Weekes Stevedoring Co. v McGoldrick,* 294 NY 906; *see, Puget Sound Stevedoring Co. v State Tax Commn.,* 302 US 90),* is mis-

---

* These stevedoring cases, however, have been overruled *(see, Washington Revenue Dept. v Stevedoring Assn.,* 435 US 734, 750).

placed. Petitioners, as noted above, have failed to show that their interpretation is the *only* reasonable construction of the exemption statute or that respondent's interpretation is clearly erroneous, unreasonable or irrational. Petitioners' citation to *Servomation Corp. v State Tax Commn.* (51 NY2d 608) is also misplaced. In *Servomation,* contrary to the case at bar, the administrative regulations and interpretations were "disharmonious" with and "countermand[ed] a statute enacted by the Legislature" *(supra,* at 612). There is no such "disharmony" or "countermanding" of a statute here. Although respondent's definition narrows the broad language of Tax Law § 1115 (a) (8), it is within respondent's responsibility to interpret and implement this broadly framed statute.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.