■ In the Matter of LINEN WORLD, INC., et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent.—Weiss, J.

Petitioner* sells linens, pillows and similar items through a merchandising arrangement referred to as a "home party plan", pursuant to which salespersons display and solicit orders for petitioner's merchandise at parties organized by individual homeowners, identified as "hostesses". In return for hosting parties, collecting payments and later distributing the product, hostesses receive discounts on their own orders. Upon receipt of a party order, petitioner procures the merchandise from a Vermont supplier. After repackaging the items, petitioner then ships each order from its home office in Buffalo to the hostess, who, in turn, either delivers the orders or arranges for them to be picked up by the individual purchaser. Petitioner adds a flat fee of 99¢, separately stated on each customer's order form, to defray the cost of shipping. Following a field audit, the Audit Division of the Department of Taxation and finance determined that the 99¢ fee was part of the merchandise sale price, taxable pursuant to Tax Law § 1105 (a). In September 1984, the Audit Division issued notices of determination and demands for payment totaling $4,016.71. After a hearing, respondent determined that while the 99¢ fee was entirely for transportation costs, petitioner was not eligible for the exclusion set forth in Tax Law § 1101 (b) (3) since the orders were not actually delivered to the purchasers, as required by 20 NYCRR 526.5 (g) (2). This determination prompted petitioner to initiate the instant CPLR article 78 proceeding, since transferred to this court.

At issue is respondent's interpretation of the transportation cost exclusion provided by Tax Law § 1101 (b) (3). Tax Law § 1105 (a) provides for a tax on receipts from the retail sale of tangible personal property. Tax Law § 1101 (b) (3) defines "receipt" as "[t]he amount of the sale price * * * *excluding* the *cost of transportation* of tangible personal property sold at retail where such cost is separately stated * * * on the bill rendered to the purchaser" (emphasis supplied). In defining the scope of this exclusion, the Department of Taxation and Finance has determined that transportation costs are excluded only "for the delivery of the tangible personal property to the purchaser" and remain taxable where the charge represents

---

* There are technically two petitioners in this proceeding: petitioner Albert J. Chavanne initially conducted business individually as Linen N' Things and in 1982 incorporated as petitioner Linen World, Inc. While a deficiency was assessed against each entity, for present purposes the reference to petitioner will include both.

"the cost of transportation between a * * * distribution point, and the vendor's place of business" (20 NYCRR 526.5 [g] [2]). Applying this narrower definition, respondent concluded that since deliveries were made to the hostess, whose homes each served "as a temporary showroom and distribution location for [petitioner's] products", the 99¢ fee was not excluded from taxation.

The taxpayer has the burden of establishing entitlement to an exclusion from tax *(Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466, 471; *Matter of Mobil Oil Corp. v Finance Adm'r of City of N. Y.,* 58 NY2d 95, 99; *cf., Matter of Towne-Oller & Assocs. v State Tax Commn.,* 120 AD2d 873). While petitioner appears eligible for the exclusion upon a literal application of Tax Law § 1101 (b) (3), respondent's regulatory interpretation set forth in 20 NYCRR 526.5 (g) (2) leads to a contrary conclusion. Generally, reviewing courts defer to the interpretation accorded a statute by the enforcing agency unless it is irrational or unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434, 438). An agency may not, however, countermand a statute by regulatory fiat *(Servomation Corp. v State Tax Commn.,* 51 NY2d 608, 612). In our view, the challenged regulation is not at odds with Tax Law § 1101 (b) (3). Respondent is authorized to interpret and implement this broadly framed statute and the regulation provides a rational, albeit narrower, interpretation of "transportation costs" *(see, Matter of Moran Towing & Transp. Co. v New York State Tax Commn.,* 131 AD2d 960, 963, *lv granted* 70 NY2d 608; *cf., Servomation Corp. v State Tax Commn., supra).*

The controversy thus distills to whether respondent reasonably determined that the 99¢ charge was not for delivery to the purchaser. Petitioner's assertion that respondent improperly characterized the hostesses as "vendors" misses the point. Respondent did not deny the exclusion based on the status of each hostess, but on petitioner's use of a hostess's home as a temporary "place of business" within the meaning of 20 NYCRR 526.5 (g) (2). This construction was not unreasonable *(see, Matter of Valley Welding Supply Co. v Chu,* 131 AD2d 917, 919; *Matter of Micheli Contr. Corp. v New York State Tax Commn.,* 109 AD2d 957, 958).

In sum, since petitioner did not deliver its product to the ultimate purchaser, but simply to the hostess involved, whose home served as a temporary distribution point, the 99¢ transportation fee did not qualify for the sales tax exclusion pursuant to Tax Law § 1101 (b) (3) and 20 NYCRR 526.5 (g) (2). Finally, petitioner's claim of unfairness does not work as

estoppel against respondent *(see, Matter of Manhattan Cable Tel. v New York State Tax Commn.,* 137 AD2d 925).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.