■ In the Matter of MARGARET HAMBURG, as Acting Commissioner of the New York City Department of Health, et al., Appellants, v LORNA McBARNETTE, as Acting Commissioner of the New York State Department of Health, et al., Respondents. [599 NYS2d 590] —Judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered on or about March 16, 1992, which dismissed petitioners' CPLR article 78 petition challenging the denial of State aid reimbursement in the amount of $8,973,311 representing 40% of the cost of public health services provided by the New York City Health and Hospitals Corporation, the Department of Housing Preservation and Development and the Department of Environmental Protection, unanimously reversed, on the law, and the petition is granted, without costs.

In 1986, the New York State Legislature enacted a new article 6 of the New York Public Health Law (§ 600 *et seq.),* effective January 1, 1988, which set forth new procedures for State review of local public health activities, and specified procedures by which municipalities could claim and receive State reimbursement for public health expenditures. Also effective January 1, 1988, the New York State Department of Health (State DOH) promulgated regulations implementing the new provisions to the Public Health Law (10 NYCRR 40-1.0 *et seq.).*

On April 23, 1990, the New York City Department of Health (City DOH) submitted to State DOH its Municipal Public Health Services Plan for fiscal years 1991 and 1992, as required by article 6, which included certain public health services that were to be provided by City DOH through contracts with other City agencies including the New York City Health and Hospitals Corporation (HHC), the Department of Environmental Protection (DEP), and the Department of Housing Preservation and Development (HPD). Examples of the services contracted for were lead paint inspections by

HPD, and screening, counseling and treatment of HIV-infected persons by HHC.

On August 31, 1990 and thereafter, City DOH submitted applications for reimbursement for services provided pursuant to its submitted plan totaling $77,474,254. State DOH rejected payment for $8,973,311 of this amount which represented 40% of the cost of certain services provided by HHC, HPD and DEP through agreement with City DOH, taking the position that pursuant to 10 NYCRR 40-1.53 (p) such services were ineligible for reimbursement as they were expenses which entities, other than the City DOH, had a legal responsibility to provide. Petitioner thereafter brought a CPLR article 78 proceeding to challenge the respondent's refusal to reimburse, claiming it violated the governing statutes and regulations and was arbitrary and capricious.

Dismissing the petition, the IAS Court found the petitioner ineligible for the contested reimbursement, concluding that the respondent had properly applied the ineligibility provisions of 10 NYCRR 40-1.53 (p), which prohibits State aid reimbursement for "[t]he cost of activities for which any other agency, person, firm or corporation has been given legal responsibility." The Court further found that denial was proper pursuant to Public Health Law § 604 and 10 NYCRR 40-1.30, which require that the local health commissioner supervise any State aid approved public health services, reasoning that the agencies involved were independent entities subject to supervision only by their agency heads, that the contracts to provide the services in question between the agencies and the City DOH preserved the independence of the parties, and that there was no demonstration that controls had, in fact, been exercised. We disagree on both issues.

Although the agencies involved had the authority to provide the services in question, in no instance were they required by law to do so (see, McKinney's Uncons Laws of NY § 7382 [New York City Health and Hospitals Corporation Act § 2; L 1969, ch 1016, § 1]; NY City Charter § 1803 [2]; § 1403 [h]). With respect to the supervision requirement, the petitioner required that the contracted agencies submit quarterly reports which documented each agency's performance, and assigned staff members the responsibility of supervising HHC, HPD, and DEP. To interpret this type of supervision as insufficient to satisfy the requirement of Public Health Law § 604 and 10 NYCRR 40-1.30 would be irrational, as contracted-out services are specifically permitted by 10 NYCRR 40-1.52 (d) and page B20 of the form provided to the municipality by State DOH

for completion and presentation of a Municipal Public Health Services Plan.

Generally a reviewing court will respect the interpretation placed on a statute by an administrative agency unless the agency's interpretation is irrational or unreasonable *(Matter of Fineway Supermarkets v State Liq. Auth.,* 48 NY2d 464, 468). However, where the question is one of statutory analysis dependent on accurate apprehension of legislative intent, the reviewing court will accord less persuasive weight to the agency's interpretation *(see, Servomation Corp. v State Tax Commn.,* 51 NY2d 608). We find respondent's determination denying the City DOH reimbursement for services provided through contract with HHC, HPD and DEP arbitrary and capricious as being contrary to the legislative intent of the 1986 amendments to article 6 of the Public Health Law, and without foundation in the statutes articulating the responsibilities of the contracted agencies in question *(see, Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 801). Accordingly, we reverse the judgment appealed from and grant the CPLR article 78 petition. Concur—Carro, J. P., Wallach, Asch and Rubin, JJ.