THOMPSON, Presiding Judge.
This appeal is taken from a judgment of the Dallas Circuit Court reversing an order issued by the Administrative Law Division of the State Department of Revenue (“the Department”) that upheld assessments of state and local sales taxes[1] against Kelly’s Food Concepts of Alabama, LLP (“the taxpayer”), as to its sales of straws, stirrers, napkins, moist towelettes, wood skewers, plastic utensils, and other similar items (“disposable cutlery and tableware”) to several fast-food restaurants, namely, Kentucky Fried Chicken (“KFC”), Popeye’s Chicken, and Church’s Fried Chicken (hereinafter referred to collectively as “the fast-food restaurants”). It is undisputed that the fast-food restaurants are licensed retail merchants or dealers. The fast-food restaurants sell at retail food and drink items to customers for consumption on and off the premises. The evidence indicates that the fast-food restaurants provide the disposable cutlery and tableware to their customers by placing those items with, or making them available with, each order for the menu price of the food or drink items.
The case came before the trial court after the taxpayer, pursuant to § 40-2A-9(g), Ala.Code 1975, appealed to that court from the order of the Department’s Administrative Law Division and sought a trial de novo in the manner contemplated by the statute.' In its judgment, entered after ore tenus proceedings during which the trial court received oral testimony and evidentiary exhibits, the trial court determined that -the decision of the Department’s Administrative Law Division was in error, and it set aside the assessments and reduced the taxpayer’s tax liability/obligation to zero. In its judgment, the trial *946 court made the following findings of fact and conclusions of law:
“This matter is a timely appeal from a final order of the administrative law division of [the Department] pursuant to § 40-2A-9(g)(1)a., Ala.Code 1975, for a trial de novo. The court conducted a bench trial on July 24, 2013, at which time the court heard evidence ore tenus, examined exhibits accepted in evidence and heard arguments of counsel. The standard of review is whether the taxpayer produced substantial evidence to convince the court by a preponderance thereof that the administrative orders are erroneous and to establish [the] correct tax liability. The court is convinced from the substantial evidence that the administrative decision is erroneous, and the court finds:
“1. [The taxpayer] was, at all material times, in the restaurant supply business with its principal place of business in Selma, Dallas County, Alabama.
“2. The taxpayer sold tangible personal property, including paper napkins, plastic utensils, straws and other onetime use items (hereinafter called cutlery and tableware), as well as food products and supplies, to various fast food restaurants during the audit period of August 1, 2005, through July 31, 2008.
“3. The restaurants subsequently provided the cutlery and tableware to their customers with the customer’s food and drink order for the menu price for the food or drink.
“4. Quantities of cutlery and tableware necessary for the restaurants’ businesses are directly proportional to the amount of food and drink sales of the restaurants.
“5. The restaurants did not consume the cutlery and tableware, but the ultimate consumer was the customer of the restaurant.
“6. The items of cutlery and tableware, being one-time use items, are matched directly with food or drink orders.
“7. The cost of those items is included in the price the retail seller charges its customers.
“8. The cost of the cutlery and tableware is properly treated as a cost of goods sold for accounting purposes, as distinguished from an operating expense.
“9. The cost of the cutlery and tableware, being properly treated as a cost of goods sold, is factored in the price of the product sold to the restaurant’s customers, though it is not reflected separately on the sales receipts to the customers.
“10. Since the cost of the cutlery and tableware is a cost of goods sold for the restaurant, then the good acquired is sold to the retail customers of the restaurant.
“11. This sale constitutes a resale by the restaurant subsequent to the wholesale sale from the taxpayer to the restaurant.
“The Department seeks collection of a sales tax on the price of the cutlery and tableware pursuant to the provisions of the sales tax act, § 40-23-2(1), Ala.Code 1975. The taxpayer asserts that the sale of the cutlery and tableware is a wholesale sale that is exempt from sales tax by virtue of the provisions of § 40-23-1(a)(9)a., Ala.Code 1975.
“The court notes that § 40-23-1(a)(9), Ala.Code 1975, is a definitional tax-levying statute that must be construed against the State.... Alabama Dep’t of Revenue v. Logan’s Roadhouse, Inc., 85 So.3d 403, 406 (Ala.Civ.App.2011). In order to establish that a sale is a nontaxable wholesale sale, all that is required [is] that a subsequent retail sale *947 of tangible personal property occur. Id. A sale consists in the passing of title from the seller to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods.... Section 7-2-401(2), Ala.Code 1975.
“In order for transactions to be tax-free as wholesale sales, it is not necessary that all of the items purchased be resold by the purchaser. Where a seller sells to a customer who both uses and sells from the same stock of goods, the seller may sell, tax free, at wholesale all of the goods so used and resold. Ala. Admin. Code 810-6-1-.184(1). In this case, the purpose of the sale of cutlery and tableware from the taxpayer to the restaurants was for the restaurants to include the items with food and drink the restaurants sold to their customers.
“Title to the cutlery and tableware passed to the restaurant customers upon delivery to them with the food or drink. The incremental cost of cutlery and tableware was included within the retail sales price and taxed therein. The Department may not impose the tax burden again on the wholesaler. To do so would ‘undercut the very purpose of sales and use taxation to operate as a consumer’s tax, as to which the ultimate burden must be borne by consumers.’ Logan’s Roadhouse, 85 So.3d at 406 (emphasis in original).
“The Department also seeks to impose a tax on the amount of fuel surcharges billed by the taxpayer to the restaurants in accordance with contractual obligations for delivering the product sold. The Department acknowledged that the fuel surcharges are non-taxable if the items delivered are nontaxable. The sales of tangible personal property at issue being wholesale sales and tax-free, the fuel surcharges are also tax-free. The court finds that the decision in Logan’s Roadhouse is persuasive authority and the court so applies it to this case, and the evidence presented of the practices of [KFC],
“It is therefore ORDERED, ADJUDGED and DECREED that the decision of the Department’s administrative law division is in error and the taxpayer carried its burden to show that the administrative law division erred. The assessment of sales tax against the taxpayer, therefore, should be, and it is hereby set aside and the taxpayer’s obligation is reduced to zero.”
The Department timely appealed to this court.
As this court stated in Alabama Department of Revenue v. Logan’s Roadhouse, Inc., 85 So.3d 403, 404 (Ala.Civ.App.2011):
“Our review is governed by the following principles:
“ ‘ “When ore tenus evidence is presented, a presumption of correctness exists as to the trial court’s findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.... Moreover, ‘under the ore tenus rule, the trial court’s judgment and all implicit findings necessary to support it carry a presumption of correctness.’ However, when the trial court improperly applies the law to facts, no presumption of correctness exists as to the trial court’s judgment. ‘Questions of law are not subject to the ore tenus standard of review.’ A trial court’s conclusions on legal issues carry no presumption of correctness on appeal. This court reviews the application of law to facts de novo.” ’
*948 “HLH Constructors, Inc. v. State Dep’t of Revenue, 902 So.2d 680, 683-84 (Ala.Civ.App.2004) (citations omitted; quoting City of Prattville v. Post, 831 So.2d 622, 627-28 (Ala.Civ.App.2002), quoting in turn other authorities).”
The dispositive issue on appeal is whether the sale by the taxpayer to the fast-food restaurants of the disposable cutlery and tableware constitutes a nontaxable wholesale-sale transaction or a taxable retail-sale transaction.
Section 40-23-2(1), Ala.Code 1975, imposes a sales tax on the sale “at retail [of] any tangible personal property.” Section 40-23-1(a)(10), Ala.Code 1975, defines “retail sale,” in part, as “[a]ll sales of tangible personal property except those ... defined as wholesale sales.”
Section 40-23-1(a)(9)a., Ala.Code 1975, defines “wholesale sale” as including “[a] sale of tangible personal property by wholesalers to licensed retail merchants
... [or] dealers ... for resale and does not include a sale by wholesalers to users or consumers, not for resale.” Thus, a sale by a wholesale supplier to a licensed merchant or dealer is a wholesale-sale transaction and is not subject to sales tax. § 40-23-2(1), § 40-23-l(a)(10), and § 40-23-l(a)(9)a., supra.[2]
In Logan’s Roadhouse, 85 So'.3d at 406, this court explained:
“[A]ll that is required for purposes of classifying a bulk sale to a retailer ... as a nontaxable ‘wholesale sale’ is that a subsequent retail ‘resale’ of tangible personal property occur; there is no statutory requirement for purposes of classifying a sale as a retail sale that a separate price be overtly stated and paid. See Ala.Code 1975, § 40-23-1[ (a) ](10) (‘The quantities of goods sold or prices at which sold are immaterial in determining whether or not a sale is at retail.’).”[3]
*949 In the present ease, as stated, it is undisputed that the fast-food restaurants are licensed retail merchants or dealers. It is also undisputed that food and drink items are sold at retail by the fast-food restaurants to their customers and that the fast-food restaurants collect sales tax from their customers (i.e., the consumers) at the time of purchase based on the menu price of the food and drink items.
Both § 40-23-1(a)(9) (defining “wholesale sale”) and § 40-23-1(a)(10)(defíning “retail sale”) are “definitional tax-levying statute[s] that must be strictly construed against the State.” Logan’s Roadhouse, 85 So.3d at 406 (citing State v. Reynolds Metals Co., 263 Ala. 657, 661, 83 So.2d 709, 711 (1955)).
As to the seller’s responsibility to collect sales tax from the consumer, our supreme court has stated:
“The Alabama sales tax has been held to be a consumer’s tax in the sense that the ultimate burden of the tax must be passed on to the consumer. However, as to taxable sales, the burden is upon the seller to collect from the purchaser the amount of tax due on a sale and the State looks to the seller for the tax. So, hereafter, when we speak of the liability of the petitioner for sales tax we have reference to his obligation to collect from the purchaser and remit to the State on all taxable sales.”
Merriwether v. State, 252 Ala. 590, 593, 42 So.2d 465, 466 (1949) (internal citations omitted). “It is the seller’s duty under the Sales and Use Tax Laws to know the general and customary business of the customer and to collect the amount of tax due.” Ala. Admin. Code (Dep’t of Revenue), Rule 810-6-1-.184(1).
In the present case, the evidence indicates that the fast-food restaurants provide the disposable cutlery and tableware to their customers either by placing those items with, or making them available with, each order for the menu price of the food or drink items. Ala. Admin. Code (Dep’t of Revenue), Rule 810-6-1-.102, titled “Meals Sold to the Public,” promulgated by the Department, provides: “Sales of prepared food and drinks of all kinds for consumption on and off the premises of the seller are subject to the sales tax, which tax must be collected and remitted by the seller.” Phrases such as “prepared food,” “prepared food and drinks,” and “prepared food and drinks of all kinds” are not defined in the dictionary, nor are they defined by Alabama statute, regulation, or caselaw. When Alabama appellate courts have not been called upon previously to decide an issue, we “will look to the law of other states for guidance.” Blackburn v. Lefebvre, 976 So.2d 482, 494 (Ala.Civ.App.2007); see also State v. International Trade Club, Inc., 351 So.2d 895, 897 (Ala.Civ.App.1977) (when a question is one of first impression, an appellate court will *950 look to the law of other states for guidance).
Taking guidance from other states, the commonly understood or plain meaning of phrases such as “prepared food,” “prepared food and drinks,” and “prepared food and drinks of all kinds” appears to include disposable cutlery and tableware provided with food and drink items by fast-food restaurants; in other words, those one-time-use items qualify as part of the sale of “prepared foods and drinks of all kinds.”
For example, in Arkansas, “prepared food” is defined, in part, as including “[flood sold with an eating utensil provided by seller, including a plate, knife, fork, spoon, glass, cup, napkin, or straw.” Ark. Code Ann. § 26-53-102(9)(C)(i). In Nebraska, “prepared food” is defined, in part, as including “[flood sold with eating utensils provided by the seller, including plates, knives, forks, spoons, glasses, cups, napkins or straws.” Neb.Rev.Stat. § 77-2704.24(2)(e)(i). In North Carolina, “prepared food” is defined, in part, as including food “sold with eating utensil's provided by the retailer, such as plates, knives, forks, spoons, glasses, cups, napkins, and straws.” N.C. Gen.Stat. § 105-164.3(28)c. In Tennessee, “prepared food” is defined, in part, as including “[flood sold with eating utensils ..., including plates, knives, forks, spoons, glasses, cups, napkins, or straws.” Tenn.Code Ann. § 67-6-102(66)(A)(iii).
The foregoing definitions of “prepared food” from other states indicate that the disposable cutlery and tableware at issue in the present case are part of the prepared food and drink items sold by the fast-food restaurants to their customers and, thus, are part of the taxable retail-sale transaction between the fast-food restaurant and its customer. The foregoing meaning of “prepared food” is also consistent with our determination that the decisive factor in the present case in resolving whether the sale by the taxpayer to fast-food restaurants of the disposable cutlery and tableware at issue is a nontaxable wholesale-sale transaction or a taxable retail-sale transaction is whether the onetime-use items are “critical elements” of the food and drink items sold by the fast-food restaurants to their customers. See, e.g., Celestial Food of Massapequa Corp. v. New York Tax Comm’n, 63 N.Y.2d 1020, 473 N.E.2d 737, 484 N.Y.S.2d 509 (1984), and Burger King, Inc. v. State Tax Comm’n, 51 N.Y.2d 614, 416 N.E.2d 1024, 435 N.Y.S.2d 689 (1980) (the decisive factor in resolving whether the sale of certain one-time-use items to restaurants should be considered a nontaxable wholesale-sale transaction as opposed to a taxable retail-sale transaction is whether those items were “critical elements” of the food or drink items subsequently purchased by the restaurants’ customers).[4] We hold that *951 the disposable cutlery and tableware at issue in the present case — namely, straws, stirrers, napkins, moist towelettes, wood skewers, and plastic utensils — are critical elements of the food and drink items sold by the fast-food restaurants to their customers, and, thus, the taxpayer, as a wholesaler, is neither liable for nor required to collect sales tax from the fast-food restaurants at the time it sells the disposable cutlery and tableware to the fast-food restaurants because such a transaction is a sale for resale. See § 40-23-1(a)(9)a. and Logan’s Roadhouse, 85 So.3d at 406. Sales tax on the disposable cutlery and tableware is paid by the customer of the fast-food restaurant with the purchase of the prepared food and drink items for the menu price of those food and drink items.[5]
Based on the foregoing, the judgment of the trial court is due to be affirmed for the reasons stated in this opinion.
AFFIRMED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The parties do not contend that the sales-tax ordinances of the local taxing jurisdiction differ in any material way from the sales-tax statutes contained in the Alabama Code of 1975.

. We find neither § 40-23-1(a)(9)c., Ala.Code 1975, which defines "wholesale sale” as including "[a] sale of containers intended for one-time use only, and the labels thereof, when containers are sold without contents to persons who sell or furnish containers along with contents placed therein for sale by persons," nor the Department's rule, Ala. Admin. Code (Dep’t of Revenue), Rule 810-6-1-.69, titled "Containers, Components of Containers, Labels, Pallets, and Shipping Supplies,” to be controlling regarding the disposable cutlery and tableware at issue in the present case. We note that paragraph 13 of Rule 810-6-1-.69 (which was utilized by the Department in assessing the sales tax at issue in this case) sets forth "examples of items sold by suppliers to certain retailers or service providers with notations as to whether the item qualifies as a nontaxable one-time-use container." Regarding "food and beverages servers,” which includes "restaurants,” items considered "taxable” under that rule include, among other items, coffee stirrers; straws; tableware, plastic and spoons; and napkins. Rule 810-6-1-.69(13)(b). Items considered v "nontaxable” include, among other items, cups and lids and paper plates. Id. However, the description of some of the items identified under Rule 810-6-1-.69(13) as not qualifying as one-time-use containers for restaurants, and, thus, considered "taxable” by the Department, appear overly broad and beyond the plain meaning of "container." We note that Merriam-Webster's Collegiate Dictionary 269 (11th ed.2003) defines "container” as including "a receptacle (as a box or jar) for holding goods.” We further note that just because an item does not qualify as a onetime-use container under § 40-23-1 (a)(9)c. does not mean that the sale of that particular item is necessarily automatically subject to sales tax; the sale of that item may very well not be subject to sales tax under a different statutory provision. To the extent Rule 810-6-1-.69 conflicts with § 40-23-1(a)(9)a. (defining "wholesale sale”), we find § 40-23-1(a)(9)a. to be controlling.

. We note that Logan’s Roadhouse involved use tax as opposed to sales tax. Use tax is complementary to sales tax. When Logan’s Roadhouse purchased the peanuts at issue in that case, it used an out-of-state wholesale *949 supplier. Because of this, use tax was at issue and not sales tax. Use tax is defined as an excise tax imposed upon the privilege of storing, using, or otherwise consuming tangible personal property purchased at retail outside the state. See, generally, Ex parte Fleming Foods of Alabama, Inc., 648 So.2d 577 (Ala.1994). In Logan’s Roadhouse, the issue was whether Logan's Roadhouse was liable for the payment of use tax when it purchased peanuts from the out-of-state wholesale supplier. As to the issue in that case, we acknowledged that if Logan's Roadhouse, in fact, sold the peanuts to its customers, then use tax was not due on the wholesale-sale transaction, because sales tax was due at the time Logan's Roadhouse sold the peanuts to its customers; if Logan's Roadhouse did not resell the peanuts to its customers, then the use tax was due to be paid. Logan’s Roadhouse, 85 So.3d at 404. This court ultimately determined that Logan’s Roadhouse sold the peanuts to its customers and that, therefore, no use tax was due. Id. at 407.

. We note that in Burger King the New York Court of Appeals determined that one-time-use items such as hamburger wrappers, cups for beverages, and french-fry "sleeves” were being resold to the fast-food restaurant's customers because those items encompassed a "critical element” of the final product being sold. Burger King, 51 N.Y.2d at 623, 416 N.E.2d at 1028, 435 N.Y.S.2d at 693. Although in Celestial Food the New York Court of Appeals reached the opposite result with respect to one-time-use items such as napkins,' straws, stirrers, plastic utensils, and "other similar items” provided to customers at no extra charge, we still agree with that court's reasoning that the decisive factor is whether the items at issue encompass a "critical element” of the final product being sold — we simply disagree with that court’s determination that one-time-use items similar to the ones at issue in the case before us are not "critical elements” of the final product being sold. We determine that such one-time-use items are "critical elements” of the food and drink items purchased and consumed by the fast-food restaurants’ customers; such a de *951 termination appears to be more akin to the commonly understood or plain meaning of "prepared food.” Cf. Celestial Food, 63 N.Y.2d at 1022, 473 N.E.2d at 738, 484 N.Y.S.2d at 510 (opining that napkins, stirrers and plastic utensils "are more akin to items of overhead, enhancing the comfort of restaurant patrons consuming the food products”).

. In so holding, we note that, under the facts of this case, we do not consider the decisive factor to be whether the fast-food restaurants include the cost of the disposable cutlery and tableware in their pricing structure in arriving at the menu price for the food and drink items. To the extent Logan’s Roadhouse may be read as making that the decisive factor in that case, we specifically limit that aspect of our decision in Logan’s Roadhouse to the facts of that case.
Because we do not consider the decisive factor under the facts of this case to be whether the fast-food restaurants included the cost of the disposable cutlery and tableware, in their pricing structure in arriving at the menu price of the food and drink items, it is not necessary for us to address the evidentiary issue raised by the Department on appeal— i.e., whether the trial court erred in admitting into evidence a jump drive (i.e., an electronic record) that the Department says "ostensibly” shows that KFC includes the cost of the disposable cutlery and tableware in the prices KFC charges its customers for food and drink items.