H. E. PRINCE & others vs. STATE TAX COMMISSION.

Suffolk. October 8, 1974. — December 6, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & KAPLAN, JJ.

*Public Amusement. Taxation,* Sales tax, Use tax.

The operators of "games of skill" in an amusement park should be assessed a use tax under G. L. c. 64I based on the cost of items awarded as prizes, rather than a sales tax under G. L. c. 64H based on the fees paid by the prize winning contestants to play the games. [472-474]

APPEAL from a decision of the Appellate Tax Board.

*Frederick T. Golder* for the taxpayers.

*Robert H. Quinn,* Attorney General (*Lawrence T. Bench,* Assistant Attorney General, with him) for the State Tax Commission.

HENNESSEY, J. This is an appeal by the taxpayers from a decision of the Appellate Tax Board wherein the Board upheld the refusal of the State Tax Commission to abate use taxes assessed against the taxpayers. The taxpayers, engaged in business as Lincoln Park Concessions, own and operate games of skill at Lincoln Park in North Dartmouth. The price charged by the taxpayers to customers or "contestants" who wish to play these games varies between ten cents and twenty-five cents. Only those contestants who are successful in the games are entitled to prizes; if the contestant does not win at the game, there is no prize awarded and no transfer of possession of any prize. The taxpayers paid (at least in those quarters for which they filed a return) a sales tax only for each transaction where a contestant won a prize, based on the amount charged to the successful contestant for playing the game (i.e., ten or twenty-five cents). On July 6, 1970, the Sales and Use Tax Bureau issued the taxpayers a license to sell at retail.

The Commission assessed substantial use taxes against the taxpayers, plus interest and penalties, and the tax-

payers dispute the assessments except as to a minor amount assessed on items not given as prizes. The sole issue presented to the Board was whether the taxpayers should be assessed a sales tax under G. L. c. 64H based on the "sales" of prizes to winning contestants, as the taxpayers contend, or whether they should be assessed a use tax under G. L. c. 64I based on the storage, use or other consumption of the items awarded as prizes, as the Commission contends. If a use tax is appropriate the taxpayers will, of course, be subject to greater tax liability since a sales tax would, according to the taxpayers' calculations, be imposed only on the ten or twenty-five cents paid as the fee required to play the game. In contrast, the use tax will be imposed on the actual cost or sales price of the articles as paid by the concession owner.

The Board ruled in favor of the Commission, and in its findings of fact and report the Board held that it lacked jurisdiction of the matter since the taxpayers had failed to allege and prove that they had complied with G. L. c. 64I, § 22 (or in the alternative c. 64H, § 21), by filing a return "at or before the time of bringing . . . [their] application[s] for abatement." The taxpayers thereafter filed their motion to reopen the hearing in order to introduce the following stipulation: "It is hereby agreed by and between the parties to the above entitled appeal that the appellant filed returns for the second quarter of 1970 and the third quarter of 1970, pursuant to . . . G. L. c. 64H, § 9, prior to August 27, 1971, so far as they may be considered material to the controversy."

The returns referred to in the stipulation were not included in the record. The Board denied the taxpayers' motion to reopen the hearing without giving any opinion or ruling on its reasons.

1. We examine first the ruling of the Board that it lacked jurisdiction on the ground that the taxpayers had failed to allege and prove that they had complied with G. L. c. 64I, § 22, or, in the alternative, G. L. c. 64H, § 21. These two sections provide, inter alia, as to the use tax law and the sales tax law respectively, that no tax may be abated unless

the person assessed has filed a tax return, as required by law, at or before the time he brings his application for abatement.

It is clear that the taxpayers had produced no proof in the hearing before the Board that they had filed returns for the seventeen taxable periods involved. It is also clear that, as to fifteen of these periods, no return was filed. Although the taxpayers attempted to reopen the hearing after presenting a stipulation that returns had been filed in two specified periods, the Board declined to reopen the hearing.

The Commission argues convincingly that the Board acted properly, within its discretion. The Commission emphasizes that the "stipulation," even if accepted in lieu of proof, may not have been a sufficient cure of the deficiency in proof of jurisdiction, as considered in the light of the detailed requirements of G. L. c. 64I, § 22, and G. L. c. 64H, § 21.

We need not consider the jurisdictional issues further, however, because we think it best that we decide this appeal on the merits. The probability that the case presents an issue which will recur in the future makes this approach advisable. The parties have fully addressed the merits in their briefs and arguments.

2. The taxpayers do not dispute that they are liable for use taxes on items of tangible personal property on which no sales tax has been paid (see c. 64I, § 7 [a]), and which were not awarded as prizes to contestants. They contend, however, that for those items awarded as prizes they are liable for a sales tax based not on the cost of the prizes but on the fee paid by the successful (prizewinning) contestants to play the game.

The relevant sales and use tax statutes may be briefly summarized. An excise is imposed upon "sales at retail of tangible personal property in the commonwealth by any vendor" (G. L. c. 64H, § 2), and a "sale at retail" is defined as "a sale of tangible personal property for any purpose other than resale in the regular course of business" (G. L.

c. 64H, § 1 [13]). "Sale at retail" does not include "sales of tickets for admissions to places of amusement and sports." An excise is also imposed upon "the storage, use or other consumption in the commonwealth of tangible personal property purchased from any vendor for storage, use or other consumption within the commonwealth" (G. L. c. 64I, § 2). In § 1 of c. 64I, storage is defined as any "keeping or retention in the commonwealth for any purpose except sale in the regular course of business," and "use" is defined in the same section as "the exercise of any right or power over tangible personal property incident to the ownership . . . except that it does not include the sale of that property, in the regular course of business."

The Commission initially contends, correctly, we think, that the taxpayers are operators of public amusements under the terms of G. L. c. 140, § 181. See *Jaffarian* v. *Building Commr. of Somerville,* 275 Mass. 267 (1931); *Commonwealth* v. *Prince,* 327 Mass. 443 (1951). The Commission then argues that the fee paid by a contestant in order to play one of these games is not a "sale at retail" under the sales tax law. G. L. c. 64H, § 1 (13), second paragraph. Rather, the Commission says, these fees are like greens fees at golf courses and fees at bowling alleys and pool tables. The argument is that such fees or charges are not taxable under the sales tax law. We agree.

The clear language of the statutes requires a conclusion that the prizes awarded by the taxpayers are tangible personal property that is "used or consumed" in the Commonwealth. The amounts paid by contestants are paid for the privilege of playing the games. It is for practical purposes the same as the fee paid for admission to a public amusement. The prize awarded is an inducement to play the game and is not a sale at retail. That the inducement results in the transfer of the personal property to the successful contestant is not crucial. The prizes are clearly "used" or "consumed" in the course of operating the amusements. It follows that if no sales tax was paid when

the taxpayers purchased the articles (G. L. c. 64I, § 7 [a]), the taxpayers are liable for a use tax assessed upon the purchase price of the prizes.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*