Noel Tancred Escofil, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Noel Tancred Escofil, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued September 13, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of four.

*Noel Tancred Escofil*, petitioner, for himself.

*Robert P. Coyne,* Deputy Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, October 15, 1979:

Petitioner taxpayer, an advocate of the legal theory that the Social Security system as enacted by Congress, in transgressing biblical law, is also violative of the 1st, 13th and 14th Amendments to the Constitution of the United States, would have us so declare in these tax appeals from assessments imposed by the State taxing authorities upon his Pennsylvania Personal Income Tax liability for the tax years 1973, 1974 and 1976. They are before us by way of appeal from the Board of Finance and Revenue which sustained the taxing authorities in taxpayer's appeals to the Board from such assessments. The three appeals were consolidated for argument and disposition following evidentiary hearings in each appeal required by reason of the de novo nature of tax appeals to this Court.

In each of these evidentiary hearings, the taxing authorities offered into evidence the disputed tax returns in question, a detailed analysis of deductions claimed by appellant but disallowed by the taxing authorities and the reason therefor together with the resulting assessment of additional tax due by reason of disallowance of certain deductions. For the year 1973, this produced an additional tax liability of $18.03, for the year 1974, of $63.52, and for the year 1976, of $73.08. At these hearings, appellant offered no evidence contra the treatment accorded his claimed deductions by the taxing authorities, nor cross-examination on this subject, but contented himself with reading into the record passages from the Bible and prematurely advancing his legal arguments. After the

evidentiary record was transcribed and lodged these appeals were listed for argument, which has now been heard; they are ready for disposition.

As appellant offered no evidence contra the disallowances by the taxing authorities of deductions claimed by him as to either the amount thereof, the reason therefor or the resulting mathematical calculation of additional tax liability, we perceive no need to make detailed findings of fact or conclusions of law in reaching the same result. Rather we adopt as our findings the factual evidence presented by the taxing authorities, including the mathematical calculation of additional tax liability for each of the tax years in question, and conclude as a matter of law that the taxing authorities in disallowing the identified deductions claimed by the taxpayer properly did so for want of supporting data or as not related to a business or occupation for which they were claimed.

Characterizing these proceedings as a vehicle to "petition the Government for a redress of grievances," appellant apparently would have us declare the Social Security system as enacted by Congress violative of the Federal Constitution or at least admonish the State government for want of opposing the same. We are without jurisdiction in these proceedings to do so. Our scope of review in tax appeals is narrowly proscribed by statutory law and case law limited to the construction, interpretation and application of a State tax statute to a given set of facts. In this judicial role, we cannot and will not afford what we perceive to be the relief which appellant seeks.

Judge ROGERS concurs in the result only.

## ORDER

Now, October 15, 1979, unless exceptions are filed within thirty (30) days of the date hereof, the Chief Clerk is directed to enter judgment in favor of the

Commonwealth and against the petitioner on account of additional Personal Income Tax liability for the year 1973 in the amount of $18.03 with interest, for the year 1974 in the amount of $63.52 with interest, and for the year 1976 in the amount of $73.08 with interest; interest in each case to be computed from the due date of payment of the tax for the tax year in question.

The orders of the Board of Finance and Revenue in each of the above appeals are hereby affirmed.