JAN CO. CENTRAL, INC. *vs.* COMMISSIONER OF REVENUE.

Suffolk.  September 18, 1989. — October 10, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Taxation*, Sales tax, Use tax. *Words*, "Container."

The provision by a "fast food restaurant" business of plastic and paper products and accessories to customers for consumption of food and drink on its premises was held to be incidental to the business's sale of food and drink and not purchases for resale in the regular course of business, with the result that the business's purchases of such products were subject to the sales and use tax. [689-691]

Plastic and paper products and noncontainer accessories used by a "fast food restaurant" business to serve food consumed on its premises were not exempt from the imposition of the sales tax under the "container" provision of G. L. c. 64H, § 6 (*q*) (1). [691-692]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 28, 1986.

The case was reported by *Wilkins*, J.

*Harold Hestnes* (*Richard W. Giuliani* with him) for the plaintiff.

*Alice Daniel*, Deputy Attorney General, for the Commissioner of Revenue.

NOLAN, J. The plaintiff, Jan Co. Central, Inc. (Jan Co.), brought this action against the Commissioner of the Department of Revenue (department) in the Supreme Judicial Court for the county of Suffolk. Jan Co. seeks declaratory and injunctive relief from the imposition of sales and use taxes on certain paper and plastic products purchased by it. The matter was reserved and reported by a single justice on a joint motion of the parties.

Jan Co. seeks a declaratory judgment on three counts that: (1) paper and plastic products that the plaintiff buys from suppliers, whether used on or off Jan Co.'s premises, are

purchased for "resale," and that such sales, therefore, do not constitute "sales at retail" under the Massachusetts sales tax statute; (2) these products are not purchased for "storage, use or consumption" under the Massachusetts use tax statute; and (3) certain paper and plastic products are "containers" and therefore their sale or use is exempt from the imposition of the Massachusetts sales and use taxes.

Jan Co. also requests that this court permanently enjoin the department from directing or permitting a sales or use tax on Jan Co.'s purchases of the paper and plastic products and accessories.

From a statement of agreed facts, we learn that Jan Co., a Rhode Island corporation, owns and operates several Burger King Corporation (Burger King) franchises in Massachusetts. Burger King and its franchisees engage in what is commonly called the "fast food restaurant" business, providing food and drink to customers in a manner that promotes speed and easy availability. Jan Co., as a Burger King franchisee, produces and sells the usual range of food products and drinks offered by Burger King franchises. Jan Co. provides the food products and drinks in paper or plastic products whether the customer intends to eat the food on or off Jan Co.'s premises.[1] All sandwiches are either wrapped in paper or placed in a paper carton or both. French fries and onion rings are placed in paper cartons or bags referred to as "french fry sleeves."

Plastic eating accessories, such as knives, forks, and spoons, as well as napkins, stirrers, and straws, are available at the service counter and at other locations in the restaurant. Jan Co. charges a single price for each of the food products and drinks. This price does not differ depending on whether the customer consumes the products on or off the premises, nor does it differ depending on whether the customer uses the various paper and plastic products (knives, forks, spoons, straws, napkins, stirrers) available on the premises.

---

[1] A recent audit of Jan Co. revealed that approximately 40% of Jan Co.'s customers consumed their food products and drinks on the premises and the remaining 60% consumed their food products and drinks off the premises.

In June, 1985, the department notified Jan Co. of its intention to assess additional use taxes in the amount of $36,669.97, for the period from October, 1982 through April, 1985. After a hearing on the proposed assessment, the department's appeal and review bureau upheld the assessment. Jan Co. then paid the taxes and interest assessed to it and brought this action for declaratory and injunctive relief.

The Massachusetts sales tax, G. L. c. 64H (1988 ed.), and the use tax, G. L. c. 64I (1988 ed.), are complementary. The sales tax imposes an "excise . . . upon sales at retail of tangible personal property in the commonwealth by any vendor at the rate of five per cent of the gross receipts of the vendor from all such sales. . . ." G. L. c. 64H, § 2. The use tax, on the other hand, is imposed on the "storage, use or other consumption in the commonwealth of tangible personal property purchased from any vendor for storage, use or consumption within the commonwealth at the rate of five per cent of the sales price. . . . ." G. L. c. 64I, § 2. Generally, sales exempt from taxation under the sales tax statute are exempt under the use tax statute. G. L. c. 64I, § 7 (*b*). Thus, if Jan Co.'s purchases are exempt from the sales tax, they are also exempt from the use tax.

In general, an excise is imposed only on "sales at retail." G. L. c. 64H, § 2. *Coca Cola Bottling Co.* v. *Commissioner of Revenue*, 393 Mass. 726, 727 (1985). A "[s]ale at retail" is defined as "a sale of tangible personal property for any purpose other than resale in the regular course of business." G. L. c. 64H, § 1 (13). Jan Co. contends that it purchases its paper and plastic products for the purpose of resale in the regular course of business, that an excise is imposed on "sales at retail," and that therefore its purchases of paper and plastic products are exempt from the sales and use tax.

In determining whether Jan Co. purchased the paper and plastic products for resale in its regular course of business, we look to the inherent nature of Jan Co's business. See *Clark Franklin Press Corp.* v. *State Tax Comm'n*, 364 Mass. 598, 602 (1974). See also *Coca Cola Bottling Co. of Northampton* v. *Commissioner of Revenue, supra* at 729. In *Clark Franklin*

*Press Corp.*, *supra* at 602, we held that the sale of travel brochures to a travel company was not a sale for resale in the regular course of the travel company's business because the inherent nature of the company's business was selling travel services, not selling travel brochures. Thus, although the delivery of the travel brochures to the travel company's customers served to promote and to advertise the company's business, the brochures themselves had no consumer value even though the consumer retained title and possession of the brochures and was free to dispose of the brochures as he or she pleased. *Id.* In *Prince* v. *State Tax Comm'n*, 366 Mass. 470, 473-474 (1974), we held that prizes used by operators of public amusements as inducements to play their games were "used or consumed" by the operators in the course of operating their amusements.

In both *Clark Franklin Press Corp.* and *Prince*, we recognized that certain transfers of tangible personal property (brochures and prizes) are not resales in the regular course of the transferor's business but are incidental to the transferor's business, serving to facilitate the consummation of the principal transactions. In *Clark Franklin Press Corp.*, the transfer of the travel brochures promoted and facilitated the company's sales of travel services. Similarly, in *Prince*, the transfer of the prizes as a method of operation induced people to play the games and thus was the operator's chosen method of enticing people to play his game for a price. Clearly, neither the travel company nor the game operator purchased the property in question for the resale value of the property. Rather, the value of the property was connected to its use in facilitating the main goal of the business and not its resale in the regular course of business.

Applying these principles to this case, we determine that the inherent nature of Jan Co.'s business is the sale of food and drink. Although such sales are facilitated by packaging in a manner convenient to the customer, the basic purpose of the consumer's transaction with Jan Co. is to acquire food and drink. The providing of paper and plastic products and accessories may be an inducement to the customer who wants a

quick, convenient meal and may facilitate the customer's consumption of the meal, but it is, nevertheless, incidental to the basic purpose of the transaction, the sale of food and drink.

Jan Co. further contends that in order to avoid an impermissible "pyramiding of tax," this court must hold that Jan Co.'s purchases of paper and plastic products are for purposes of resale and therefore not subject to the sales tax.[2] In support of this contention Jan Co. argues that, in general, sales taxes are intended to fall on the ultimate consumer of an item and that the exclusion of sales for resale in the regular course of business in G. L. c. 64H, § 2, avoids the pyramiding of taxes upon successive buyers and sellers. See *Courier Citizen Co.* v. *Commissioner of Corps. & Taxation*, 358 Mass. 563, 567 (1971). Jan Co. argues that, if Jan Co.'s purchases of the paper and plastic products were taxed, Jan Co. would pay the tax, and then "*resell* those products together with the food and drink to its customers. . . . and collect a 5% sales tax on the resale of the same product." We agree that the purpose underlying the Legislature's exclusion of resales in G. L. c. 64H, § 2, was to prevent the pyramiding of taxes on successive buyers and sellers. Jan Co.'s argument, however, ignores the fact that, once this court decides that Jan Co. purchases the paper and plastic products to facilitate its sales of food and drink and not for resale in its regular course of business, the retail sale of the paper and plastic products occurs at the time Jan Co. purchases the product and not at the transfer of the paper and plastic products to the consumer. In other words, once this court decides pursuant to G. L. c. 64H, § 2, as we have, that Jan Co. is the ultimate consumer of the paper and plastic

---

[2] Jan Co.'s claim that the department's reading of the statute violates some rule against double taxation misses the distinction between "pyramiding of tax" and "double taxation." The rule against multiple taxation exists mainly to avoid unduly burdening interstate commerce and would apply if goods were subject to sales tax by more than one State. *George S. Carrington Co.* v. *State Tax Comm'n*, 375 Mass. 549, 552-553 (1978). Pyramiding of tax occurs when a product is taxed at the preretail stage and, thus, the tax is imposed on successive pairs of buyers and sellers rather than only at the final sale of the product to the ultimate consumer. *Courier Citizen Co.* v. *Commissioner of Corps. & Taxation*, 358 Mass. 563, 567 (1971).

products, there exists no resale of the same product to the consumer. The consumer purchases food and drink. When Jan Co. passes off to the consumer the costs of the products it uses in operating its business and one of those costs is a tax on the sale or use of paper and plastic products, that event is no different from the passing off of any cost of overhead to the ultimate consumer.

Jan Co. next contends that wrappers, bags, sandwich cartons, drinking cups and lids, platters, covers, and french fry sleeves constitute "containers" within the meaning of G. L. c. 64H § 6 (*q*) (1), when purchased with food and drink for consumption on the premises and are thus exempt from the sales and use tax. We disagree. General Laws c. 64H, § 6 (*q*) (1), exempts from the imposition of the sales tax, "[s]ales of both returnable and nonreturnable containers when sold without the contents [to persons who place the contents in the container and sell the contents] together with the container . . . ."[3]

Although the statute provides no specific definition of the word "container," we believe that the department properly limited the container exemption to items used in transporting the food and drink off the premises for consumption elsewhere. Jan Co. has chosen, for reasons of its own, economic or practical, to use the same means of serving food, whether it is consumed on or off the premises. Clearly, however, the paper carton holding the hamburger is unnecessary to the customer who eats the hamburger on Jan Co.'s premises. A paper plate would serve the purpose just as well or even a napkin. The same carton which holds the hamburger for the on-the-premises customer, however, serves a completely distinct and necessary

---

[3] General Laws c. 64H, § 6 (*q*) (1), as appearing in St. 1981, c. 571, § 1 (effective January 17, 1983), was amended to read: "Sales of both returnable and nonreturnable containers when sold without the contents together with the container." The purpose of the amendment was to extend the exemption to reach returnable as well as nonreturnable containers. Both parties assert and it appears that the portion in brackets above was deleted accidentally during the amendment process. In his 1989 legislative recommendations, the commissioner recommends that the bracketed portion be reinserted. The replaced language is proposed as a technical rather than a substantive change.

purpose for the off-the-premises customer who needs it to transport the hamburger safely outside the premises. The meaning of the word "container" as the Legislature intended, thus, is logically and reasonably found by determining the use to which a particular item is put. When the paper product is used on the premises as a plate, it is not a container within the meaning of G. L. c. 64H, § 6 (*q*) (1). When a paper product is used to transport food off the premises, it is such a container.

For the reasons stated above, we deny the plaintiff's request for injunctive relief. A judgment shall be entered declaring that (a) plastic and paper supplies and accessories purchased by Jan Co. for consumption of food and drink on its premises are not purchased for resale in the regular course of business and are subject to the sales and use tax; (b) items used in the restaurant and not used to remove food and drink from the premises are not exempt under the "container" provision, G. L. c. 64H, § 6 (*q*) (1); and (c) noncontainer items such as stirrers, napkins, and straws are not exempt under the "container" provision, G. L. c. 64H, § 6 (*q*) (1).

We remand the case to the Supreme Judicial Court for Suffolk County for entry of an appropriate judgment.

*So ordered.*