579 A.2d 434

COVENCO, INC., Petitioner,

v.

COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 3, 1990.

Decided July 31, 1990.

Robert E. Chernicoff, Farr & Cunningham, P.C., Harrisburg, for petitioner.

Ronald H. Skubecz, Deputy Atty. Gen., with him, Ernest D. Preate, Jr., Atty. Gen., for respondent.

Before McGINLEY and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

Covenco, Inc. (Covenco) appeals an order of the Board of Finance and Revenue (Board) sustaining an adverse decision by the Department of Revenue Board of Appeals, which affirmed a use tax assessment issued by the Department of Revenue (Department) to Covenco in April of 1983. Covenco is engaged in the business of operating cafeterias and vending machines and catering services. The tax assessment was imposed on the use of disposable plastic and wooden eating utensils, napkins and straws that Covenco makes available to retail consumers of its food products in its lines of business. The Board found that these disposable "accessory items" were subject to use tax. We agree.

This action began as an assessment issued by the Department to Covenco in the amount of $14,806.50 for the period January 1, 1980 to December 31, 1982, representing a use tax of $11,972.75, a penalty of $598.62 and interest of

$2,235.13. The use tax assessment reflected tax imposed on the use of disposable plastic and wooden eating utensils, napkins, straws, matches, and computer software (including installation, consulting and advisory services). Covenco has conceded liability for $6,419.75 of the use tax assessed. The Department has conceded that use tax is not due on either the matches or the computer software. Consequently, the total amount of use tax in dispute is $3,135.86, which applies only to the disposable plastic and wooden eating utensils, napkins and straws.[1]

Covenco contends that the Board erred in sustaining the use tax assessment on the accessory items because the purchases of these items fall within the resale exemption to the use tax. Covenco argues that because the cost of these items is factored into the retail price of its food products and meals, these items are merely being passed along by Covenco for their ultimate resale to consumers. Covenco also argues that double taxation would result if the use tax applies.

The Department defends the Board's decision, contending that because Covenco does not receive a separate purchase price for these accessory items from retail consumers, these items are not transferred as a result of a retail sale, and consequently, Covenco is not entitled to a resale exemption from the use tax. The Department, moreover, argues that it has specifically addressed whether the purchase of these and similar items are subject to use tax in its regulations [2] and that these regulations properly enforce the use tax. The Department, in addition, submits that double taxation

1. The parties entered into an agreed Stipulation of Facts filed November 28, 1989, which we adopt as our own findings of fact.
2. Under the Revenue Code, the food and beverage provisions state:
   (e) Purchasers by operations of restaurants and other eating places shall be taxed in accordance with the following:
   (1) ...
   (2) Purchase of equipment used to prepare and serve the food shall be subject to tax. Purchases of metal, wood or plastic eating utensils, china, napkins, straws and similar items used to serve food shall be subject to tax.
   61 Pa.Code § 49.1(e).

does not occur in this instance because the circumstances do not constitute an occurrence of tax pyramiding.

In addressing the issue of whether the accessory items are subject to use tax, our scope of review in an appeal from a decision of the Board of Finance and Review is *de novo*. *Escofil v. Commonwealth*, 46 Pa.Commonwealth Court 475, 406 A.2d 850 (1979); Pa.R.A.P. 1571. Since the issue before us requires a review of the application of a regulation promulgated by the Department of Revenue, namely 61 Pa.Code 49.1(e), we are mindful that an administrative agency's interpretation by regulation of statutes which it enforces is entitled to great judicial deference, *SmithKline Beckman v. Commonwealth*, 85 Pa.Commonwealth Ct. 437, 457, 482 A,2d 1344, 1353 (1984), *aff'd per curiam*, 508 Pa. 359, 498 A.2d 374 (1984), and that an agency's interpretation of its own regulations must be accorded controlling weight unless erroneous, inconsistent with other regulations, or inconsistent with the underlying legislative scheme. *Harkins v. Department of Public Welfare*, 75 Pa.Commonwealth Ct. 454, 462 A.2d 894 (1983). We also observe that Covenco, as the appealing party, bears the burden of proof in this proceeding. *Sabatine v. Commonwealth*, 497 Pa. 453, 442 A.2d 210 (1981). Covenco has failed to carry this burden.

### *Use Tax*

The Tax Reform Code of 1971[3] (Tax Code), imposes a six percent "sales" tax on the retail sale of goods or services and a six percent "use" tax on goods that are used and are not ultimately resold. 72 P.S. § 7202(b). Whether a taxpayer will be required to pay a tax on the *use of goods or services*[4] is decided by determining if, in the unbroken

---

3. The Tax Reform Code, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7101–10004 (Supp.1990).

4. The use of goods or services is defined as "the exercise of any right or power incidental to the ownership, custody or possession of tangible personal property, and shall include, but not be limited to, transportation, storage or consumption." 72 P.S. § 7201(*o*)(1).

stream of commerce, a sales tax will be paid by a purchaser at *retail sale.*[5] Intermediate transactions which transfer goods for the purpose of *resale*[6] are also exempt from the use tax.

In determining whether the accessory items are subject to use tax, we first remark that Covenco's sales of food products are obviously retail sales. Consequently, what we must address is the issue of whether the accessory items provided along with Covenco's food products constitute an integral part of the food products. If we find that the accessory items are part of the food products, Covenco's purchase of the accessory items must be for resale and, thus, tax exempt. If we find, on the other hand, that the accessory items are not part of the food products, then they would not have been purchased by Covenco for resale, but for its own use to enhance its ability to sell its food products, and accordingly, the accessory items would be subject to the use tax.

There have been no previous Pennsylvania cases dealing with the issue of whether an accessory item is to be considered part of the primary product or merely used by the seller to enhance the sale of the primary product.[7] Other states, however, have addressed the issue of whether accessory items that are provided along with other items being sold are subject to use tax under their tax laws.

5. Retail sale is defined as the "acquisition for a consideration of the ownership, custody or possession of tangible personal property other than for resale by the person acquiring the same when such acquisition is made for the purpose of consumption or use, whether such acquisition shall be absolute or conditional, and by whatever means the same shall have been effected." 72 P.S. § 7201(f)(1).

6. Resale is defined as "any transfer of ownership, custody or possession of tangible personal property for a consideration." 72 P.S. § 7201(i).

7. The Department suggests that accessory items are subject to use tax just as use tax was assessed on television sets and air conditioners purchased by a hotel for the rooms rented to its guests. *Commonwealth v. Benjamin Franklin Hotel Co.,* Pa. 28 D & C 2d 329, 77 Dauphin 14 (1962) (decided in reliance on *Commonwealth v. McHugh,* 75 Dauphin 68 (1960), *affirmed,* 76 Dauphin 211 (1960), but later *reversed,* 406 Pa. 566, 178 A.2d 556 (1962)).

Recently, the Supreme Judicial Court of Massachusetts held that a fast-food franchisee was liable for assessments of sales and use tax on napkins, stirrers and straws, as well as on paper and plastic containers. *Jan Co. Central, Inc. v. Commissioner of Revenue*, 405 Mass. 686, 544 N.E.2d 586 (1989). The court made that determination based on its application of an "incidental" test to determine whether the accessory item should be considered integral to the sale of the primary product. Under that test, transfers of tangible personal property are not for resale when they are only "incidental" to the transferor's business and only serve to facilitate and are not necessary to the consummation of the principal transactions. Applying that reasoning, that court found that the main goal of the fast-food franchisee's business was the sale of food and beverages, and that the accessory items were used as an incidental means of facilitating that goal. Since these items had not been purchased for their resale value, and the customer did not expect to retain them for their value, the court regarded them as an inducement, promoting the convenience feature of the fast-food products.[8]

Similarly, the Court of Appeals of New York has developed a test requiring that the item must be a "critical element" of that sale for that item to be part of a retail sale and not subject to the use tax. In applying that test to a fact situation not unlike the case before us, the New York Court reasoned that because napkins, straws, stirrers, plastic utensils and similar items are not "critical elements" of the food products prepared by restaurants or sold in vending machines, these items are not integral to the sale of the food and accordingly, are not exempt from use tax. *Celestial Food of Massapequa Corp. v. N.Y. State Tax Commission*, 63 N.Y.2d 1020, 473 N.E.2d 737, 484 N.Y.S.2d 509

---

8. Arkansas courts have adopted a similar approach, viewing a retailer's providing accessory items as incidental to a retailer's principal business objective and the transactions in which that objective is consummated. Containers and wrapping materials, on the other hand, are exempt; they constitute items for resale. *See Department of Finance and Administration v. Little Rock Paper Co.*, 257 Ark. 715, 520 S.W.2d 196 (1975).

(1984). The New York Court concluded that the accessory items were not critical elements because they were more akin to items of overhead, enhancing the comfort of customers consuming the food products and because they are not component parts of the food products.[9] The New York Court had previously determined that materials for packaging or containing food are purchased for resale, because even though they are not actually component parts of the food and beverages sold, they form a "critical element" of the food products sold. *In Matter of Burger King v. State Tax Commission,* 51 N.Y.2d 614, 416 N.E.2d 1024, 435 N.Y.S.2d 689 (1980).[10]

The "incidental" test developed by the Massachusetts Court and the "critical element" test developed by the New York Court are the same test. Both tests determine if an accessory item is part of the primary product. Both analyses focus on the relationship between the accessory

**9.** Covenco urges this Court to exempt accessory items from use tax just as the wrapping and packaging materials and containers were exempted in *Paper Products Co. v. City of Pittsburgh,* 391 Pa. 87, 137 A.2d 253 (1958). To this end, Covenco encourages us to adopt the New York court's "critical element" reasoning by which containers and packaging materials were exempt from use tax because they constitute items for resale. *In Matter of Burger King v. State Tax Commission, infra.* However, Covenco fails to discredit this later distinction made in *Celestial Food* by which accessory items were subjected to use tax.

**10.** Pennsylvania law, like that of New York, regards wrapping and packaging materials and containers as exempt from use tax. *Paper Products Co.,* 61 Pa.Code §§ 32.1, 32.6, 57.5. In effect, Pennsylvania and New York track one another; Pennsylvania, taking a practical perspective, and New York, finding that these materials, while not component parts of the products with which they are sold, constitute "critical elements" of those products.

The Court of Appeals of Maryland in *Macke Co. v. Comptroller of the Treasury,* 302 Md. 18, 485 A.2d 254 (1984), made the same distinction, finding that wrapping and packaging materials and containers are, from a practical perspective, goods for resale, adopting the reasoning of the Pennsylvania Supreme Court in *Paper Products Co.; see also* 61 Pa.Code §§ 32.1, 32.6, 57.5. The Maryland court proceeded to find, however, that napkins, straws, utensils, stirrers and paper bags, which are kept separate from the food products or other goods sold and which are freely available to both purchasers and non-purchasers, are subject to use tax.

items and the primary product with which they are provided.[11] The analytical approaches which these courts have taken provide an appropriate framework in which to determine whether separate consideration has been exchanged for the accessory items provided along with food products sold by restaurants, caterers, vending machine operations and other eating places. Mindful of the deference that must be paid to Department regulations, as well as decisions of this state in packaging and other areas, we believe that the New York Court's use of the term "critical element" is consistent with Pennsylvania law and is more descriptive of what the accessory item has to be in order for it to be considered an integral part of the retail sale without which the primary item could not be sold.[12]

11. The Court of Appeals of Wisconsin, however, has adopted the view that since plastic eating utensils furnished to vending machine customers via a condiment counter near the machines are ultimately consumed by a customer, they are exempt from use tax. The Wisconsin court reasoned that the final and ultimate employment of the property resulting in its withdrawal from the marketplace of goods and services occurs when a customer employs those items to consume food. *Servomation Corp. v. Wisconsin Department of Revenue,* 103 Wis.2d 691, 310 N.W.2d 652 (1981).

Pursuant to Michigan Department of Treasury Letter Ruling 87–32, carry-out containers, foam cups, paper napkins and straws are component parts of prepared food or beverages and are not exempt from use tax.

Colorado, on the other hand, specifically exempts these items from use tax. Colo.Rev.Stat. § 39–26–114(1)(a)(XVI) and § 39–26–203(1)(t) (1973).

12. Employing the "critical element" analysis to determine whether separate consideration has been exchanged for the accessory items provided by Covenco to the retail consumers of its food products is analytically consistent with our decisions in *Fleet Pizza v. Commonwealth,* 119 Pa.Commonwealth Ct. 463, 547 A.2d 523 (1988), and *CRH Catering Company v. Commonwealth,* 104 Pa.Commonwealth Ct. 91, 521 A.2d 497 (1987), *aff'd in part and reversed in part,* 114 Pa.Commonwealth Ct. 514, 539 A.2d 38 (1988). In those cases, this court differentiated grocers from restaurants, caterers, vending machine operations and other eating places according to the difference in methods of merchandising. This difference, in turn, determined whether sales tax applied to the sales of food products involved in those cases. The method of merchandising employed by restaurants, caterers, vending machine operations and other eating places includes their providing flatware and table linen or other means by which their products can be consumed which is subject to the use tax. 61 Pa.Code § 49.1(e).

■ In applying this analysis to this case, we find that Covenco is in the business of selling food products and food management services and not in the business of selling accessory items. Covenco provides accessory items to its customers for the purpose of enhancing its customers' convenience and enabling them to consume the food products which they purchase; the accessory items, however, are not a "critical element" of the retail sale. Accessory items are items of overhead which promote the convenience of Covenco's food products. When Covenco factors the cost of these accessory items into the prices its customers pay for its food products, they are essentially factoring this expense the same way they factor other overhead expenses into the price of food products.

Accordingly, the Revenue Code, specifically 61 Pa.Code 49.1(e), properly interprets The Tax Reform Code, 72 P.S. § 7202(b), as imposing use tax upon the disposable accessory items purchased by restaurants, caterers, vending machine operators and other eating places for the purpose of using them in providing retail consumers the means by which to consume their food products. *See Paper Products Co.*, 391 Pa. at 92, 137 A.2d at 256.

### Double Taxation

■ Covenco argues that if use tax is imposed on its purchases of accessory items, then double taxation will result. The convention against double taxation is intended to avoid tax pyramiding.[13] Tax pyramiding occurs when a product is taxed at the pre-retail stage in such a way that tax is imposed on the transactions of successive pairs of buyers and sellers in the stream of commerce, rather than only at the final sale of the product to the ultimate consumer. *Commonwealth v. Wetzel*, 435 Pa. 468, 257 A.2d 538 (1969); *Commonwealth v. Lafferty*, 426 Pa. 541, 233 A.2d 256 (1967). Because of the finding that Covenco is the

13. Double taxation occurs as well where goods are subjected to sales tax by more than one state. The effect of the prohibition against double taxation also avoids this multiple taxation among the states' which would otherwise unduly burden interstate commerce.

ultimate consumer of the accessory items, there is no resale of the same items to its customers. Covenco's customers purchase food products and services. Consequently, when Covenco passes off to its customers the costs of the products it uses in operating its business and delivering its services, and among those costs is a tax on the use of accessory items, that event is no different from the passing along of any cost of overhead to the ultimate consumer. Double taxation, therefore, does not result from the imposition of a tax on Covenco for the use of accessory items in its business.

## CONCLUSION

Having found that the disposable plastic and wooden eating utensils, napkins, straws and stirrers which Covenco provides to retail customers in its various business lines are subject to use tax, and also having found that the imposition of this tax does not result in double taxation, we now affirm the decision of the Board of Finance and Revenue insofar as it is consistent with this opinion, and accordingly, enter a judgment in favor of the Department and against Covenco for the amount in dispute with appropriate legal interest.

## ORDER

AND NOW, this 31st day of July, 1990, unless exceptions are filed in conformity with Pa.R.A.P. No. 1571(i), the Chief Clerk is directed to enter judgment in favor of the Commonwealth and against Petitioner on account of use tax liability for the period January 1, 1980 to December 31, 1982 in the amount of $3,135.86 with appropriate legal interest to be computed from the due date of payment for the tax period in question.

BARBIERI, Senior Judge, dissenting.

I respectfully dissent.

I can find no sensible distinction between the wrapping and packaging items (no use tax) and providing the means to eat the food without which the vending company in most cases could not sell the food. These so-called "accessory items" are basically necessary components of the sales.

In my opinion, the items involved here are part of the resale and should be accorded the resale exemptions.